ROBERT E. CUNNINGHAM, plaintiff in error, *vs.* JOHN M. CLARK & COMPANY, defendants in error.

1. Where one was under a contract to accept and buy a lot of corn from the plaintiff, between the 10th and 20th of April, and on the last day he agreed to extend the time for a tender until the 21st, and on the 21st the plaintiff tendered a lot in the morning, which was not accepted, and again in the evening, which the defendant refused to look at: *Held*, That it was not error in the Court to admit the evidence of a tender at any time during the day on the 21st, and that it was not error to refuse to permit defendant to show that plaintiff had made several tenders, between the 10th and 20th of April, of bad corn, and thus to justify defendant in refusing to look at the second tender on the 21st.

2. The verdict of the jury in this case, turning, as it did, upon whether the jury believed the version of one or the other party at the time of

Cunningham *vs.* Clark & Company.

the tenders, on the 21st, is supported by the evidence, and, although the proof appears somewhat stronger for the defendants than the plaintiff, yet, as the jury has given the most weight to the plaintiff's evidence, and the Judge has refused to interfere, this Court will not do so.

Contracts. Tender. Evidence. New trial. Before Judge GOULD. City Court of Augusta. November Term, 1872.

Clark & Company brought assumpsit against Cunningham for $250 00, alleging that, on February 22d, 1872, the defendant bought from the plaintiffs two thousand bushels of prime white corn, at the rate of one dollar and five and one-half cents per bushel, to be delivered between the 10th and 20th days of the succeeding April, and to be paid for on the delivery thereof; that plaintiffs tendered said corn on the 12th of April, 1872, in accordance with the terms of the said contract, but defendant refused either to receive or pay for the same, whereby the plaintiffs were compelled to resell said corn at a loss of $189 60.

The declaration also contained a count for goods sold and delivered, with a credit thereon of the amount received by plaintiffs on the sale of said corn.

The defendant pleaded the general issue, and that the plaintiffs had not tendered the corn according to the terms of the contract.

The following evidence was introduced:

"AUGUSTA, February 22d, 1872.

"We, John M. Clark & Company, agree to deliver to R. E. Cunningham, or agent, two thousand bushels of prime white corn in burlap sacks, in good order, between the 10th and the 20th of April, 1872, for one dollar and five and one-half cents per bushel, sacks to be as good as burlaps, not gunnies. Cash. (Signed) JOHN M. CLARK & COMPANY."

"AUGUSTA, February 22d, 1872.

"I, R. E. Cunningham, promise to receive from John M. Clark & Company two thousand bushels of prime white corn,

Cunningham vs. Clark & Company.

in burlaps or its equivalent, between the 10th and 20th of April, 1872, at one dollar and five and one-half cents per bushel. Cash. (Signed)

"R. E. CUNNINGHAM."

"It is agreed between the parties that time is of the essence of the contract, i. e., the plaintiffs admit that no tender made after April 21st, 1872, would be good, the defendant, in entering into said agreement, not meaning to admit that the tenders made on that day were good.

"The defendant waives all defense by reason of any informality in the tender as to place, or any defense to which he might be entitled, under section 2596 of the Code."

AMOS CLARK, one of the plaintiffs, testified substantially as follows: The defendant extended the time for the delivery of the corn to April 21st, 1872, for the express purpose of enabling plaintiffs to tender a specific lot they had at their mill; tendered this lot on April 21st, in the morning; the defendant refused it; tendered it again in the afternoon and he refused it again; don't think I told him it was in chicken gunny sacks when I first tendered it; sold it on his account; loss was $189 60, and defendant owes me that amount; the corn was in sacks similar to the one exhibited, (presenting a Dundee sack;) sacks better than burlaps.

The testimony of the second tender on Monday was admitted over defendant's objection, and he excepted.

The defendant testified as follows: Clark, after making several tenders, which I refused, because the corn did not come up to contract, some being rotten, came to me on the evening of the 19th of April, (it being Saturday,) and said he had a lot of corn at his mill, and if I would extend the time to Monday morning, April 21st, he would tender it; I consented, with the express purpose and understanding of allowing him to tender the lot at the mill on Monday; he came in and tendered it on Monday morning, Mr. Fairly being present; he said, in answer to my question, that it was in "chicken gunny" sacks, which are greatly inferior to burlaps; I asked him what reduction he would make; he said, "none;"

Cunningham *vs.* Clark & Company.

I refused to receive it; he did tender me a lot Monday evening, which I refused without looking at it, because I thought it was another attempt to defraud me.

J. W. FAIRLEY testified as follows: The time was extended to April 21st for the express purpose of allowing Clark to tender, on Monday, the specific lot of corn at the mill; was present when he tendered it, and he said it was in "chicken gunny" sacks, which are greatly inferior to burlaps; he refused to make any deduction, but afterwards met me and told me he would deduct five cents per sack on the sacks; the sack introduced in evidence by plaintiffs as that in which the corn was at the time of tender, is inferior to burlaps.

AMOS CLARK, recalled: I considered I had all day of the 21st; I told Fairly of the deduction I would make only as a compromise.

C. E. Staples testified, that he bought a lot of prime white corn from Clark in April, 1872.

Melville Branch testified, that the sack in evidence was worth five cents more in this market than burlaps.

Mr. Jarrell testified, that defendant refused to look at the corn tendered Monday evening.

The defendant offered to show several tenders made by plaintiffs of bad corn, between the 10th and the 20th of April, as an excuse for his failure to examine the lot tendered on the afternoon of Monday, the 21st. This the Court refused to permit, and defendant excepted.

The jury returned a verdict for the plaintiffs for $189 60. The defendant moved for a new trial upon each of the aforesaid grounds of exception. The motion was overruled and defendant excepted.

WILCOX & WEBB, for plaintiff in error.

J. C. C. BLACK; BARNES & CUMMING, for defendants.

McCAY, Judge.

1. We see no error in the ruling of the Judge excluding the evidence that the plaintiff had offered to put off on de-

Cunningham *vs.* Clark & Company.

fendant bad lots of corn between the 10th and 20th, as a ground of justification for defendant in refusing to look at his second tender of corn on the 21st. There is some excuse, it is true, if the defendant was of the opinion, from the plaintiff's acts, that he was trying his best to deceive and entrap him. But, under the contract of the 19th, to extend the time for the tender to the 21st, it would seem that the defendant had waived the previous failures, and whilst there is a moral right to distrust one who has proved faithless several times before, yet, that can hardly come within the rights the law recognizes. It was the contract, so one witness says, that the corn might be delivered on the 21st, at any time during the day. On that day it appears that plaintiff made two offers. The first offer is proven to have been in accordance with the contract; that is, it was good corn, and in sacks, better than burlaps. The second offer seems to have also been of the required quality in the proper sacks. There is evidence, pretty strong evidence, too, that plaintiff said, at the time of the first tender on the 21st, that the sacks were "chicken gunny." He denies this, and the proof is that they were, in fact, Dundee sacks, better than burlaps. The Judge told the jury it was for them to decide between these conflicting statements. This was, we think, the turning point of the case. The jury have found for the plaintiff; in other words, they have believed the plaintiff's statement, and, coupled with the fact that the corn was, in fact, in Dundee bags, we think they had a right so to do.

2. At any rate, as the Judge has refused a new trial, we do not think the evidence for the defendant was so strong as to make the judgment of the Judge an abuse of his discretion, to grant or refuse a new trial in such cases. As there was no error of law in the rulings of the Court on the trial, we affirm the judgment.

Judgment affirmed.